IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CEDRICK D. GREEN,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:07cv368-SPM/WCS**

**ARAMARK INCORPORATED,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon referral from the Clerk of Court. Defendant filed a petition for removal, construed as a notice of removal, on August 23, 2007. Doc. 1. Defendant simultaneously paid the filing fee. *Id.* Defendant's notice asserts that Plaintiff filed a complaint against the Defendant in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, which was served upon Defendant on July 25, 2007. *Id.*, at 1, 2. Defendant filed its Answer to the complaint in state court on August 9, 2007. *Id.*, at 2. As the removal notice was filed within thirty days of receipt of service, removal was timely. 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), Defendant has filed a statement asserting the grounds for removal. Defendant puts forth that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441(a) as Plaintiff's complaint gives this Court federal question jurisdiction. Defendant provided a copy of Plaintiff's complaint with the notice of removal as required by 28 U.S.C. § 1446(a). Doc. 1-2.[1] Plaintiff's complaint alleges that the Defendant Aramark unlawfully withheld wages when Plaintiff was employed by the Defendant between October, 2003, and May, 2004, while Plaintiff was serving a sentence in the Florida Department of Corrections at the New River East Unit. Doc. 1-2, p. 2-3. Plaintiff contends he did not receive any wages for his labor, and alleges that he was employed four days a week and worked approximately six to eight hours per day. *Id.*, at 3. Plaintiff's claims as indicated in the complaint are brought under the Constitution for the State of Florida and he seeks $4,132.80 in back pay. *Id.*, at 2-3. Attached to Plaintiff's complaint as "appendix C" is a copy of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.*" Doc. 1-2, p. 13, *et. seq.*

Defendant contends that Plaintiff's inclusion of the Fair Labor Standards Act (hereinafter "FLSA") means that Plaintiff "could have filed his Complaint in a United States District Court." Doc. 1, p. 2. Thus, Defendant argues that this Court has original jurisdiction and may hear Plaintiff's claims. *Id.*, at 2-3.

On September 12, 2007, Plaintiff timely filed a "notice and petition to reject jurisdiction." Doc. 7. This document will be construed as a motion to remand this case back to state court pursuant to 28 U.S.C. § 1447. Plaintiff contends that his initial

---

[1] All exhibits referenced are as they appear on the Court's electronic filing system. The complaint is exhibit A to document and appears electronically as Doc. 1-2.

Case No. 4:07cv368-SPM/WCS

complaint "does not cite a federal statute within the facts and allegations . . . ." Doc. 7, p. 1.

A document attached to a complaint becomes a part of the complaint. But while Plaintiff attached a copy of the Fair Labor Standards Act to his complaint, he cited only state law as the basis of his claim. The complaint in state court was plainly ambiguous. Defendant should have asked the state court to force Plaintiff to clarify his claims rather than involve this court with a removal. Had Defendant done so, Plaintiff would have said, as he has now said here, that he does not intend to base any portion of his claim upon the Fair Labor Standards Act.[2] Doc. 7. That is the end of the matter. Plaintiff "is the 'master of the claim' and may prevent removal by choosing not to plead an available federal claim." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987), *cited in* Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 854 (11th Cir. 1999).

---

[2] Of course, had Plaintiff said he relied upon the Fair Labor Standards Act, the removal then would clearly have been proper and Plaintiff would lose in this court. Federal law has been nearly universal in denying FLSA wages to prisoners. *See* Villarreal v. Woodham, 113 F.3d 202, 206 (11th Cir. 1997), *citing to* Gambetta v. Prison Rehabilitative Industries, 112 F.3d 1119 (11th Cir. 1997) (holding that "inmates who work for state prison industries are not covered by the FLSA."); Danneskjold v. Hausrath, 82 F.3d 37, 43 (2d Cir. 1996); Reimonenq v. Foti, 72 F.3d 472, 475, n.3 (5th Cir. 1996); Henthorn v. Department of Navy, 29 F.3d 682, 684-87 (D.C. Cir. 1994); McMaster v. Minnesota, 30 F.3d 976, 980 (8th Cir. 1994); Hale v. Arizona, 993 F.2d 1387, 1392-98 (9th Cir. 1993) (en banc); Franks v. Oklahoma State Indus., 7 F.3d 971, 972 (10th Cir. 1993); Harker v. State Use Indus., 990 F.2d 131, 133 (4th Cir. 1993); Miller v. Dukakis, 961 F.2d 7, 8-9 (1st Cir. 1992); Vanskike v. Peters, 974 F.2d 806, 809-10 (7th Cir. 1992); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1325 (9th Cir. 1991).

Case No. 4:07cv368-SPM/WCS

Plaintiff's motion to remand back to state court, doc. 7, should be granted. This Court lacks jurisdiction over this civil action which brings only state law claims. This case should be remanded back to the state court from whence it came.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that: (1) Defendant's notice of removal, doc. 1, be **DENIED**, (2) Plaintiff's motion to remand this case back to state court, doc. 7, be **GRANTED**, as Plaintiff's original complaint, doc. 1-2, presents only state law claims and this Court lacks subject matter jurisdiction, and (3) that the Clerk of Court be **DIRECTED** to mail a certified copy of the order of remand to the clerk of the State court pursuant to 28 U.S.C. § 1447(c).

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2007.

      s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**